# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEMONTE LUIGI TEDESCHI, | ) |
| | ) Civil Action No. 10 - 67 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| SUPERINTENDENT BRIAN COLEMAN; THE DISTRICT ATTORNEY OF BLAIR COUNTY; and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, | ) ) ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Lemonte Luigi Tedeschi, a state prisoner incarcerated at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in the Court of Common Pleas of Blair County for charges of rape, statutory assault and related charges. For the reasons that follow, Petitioner has procedurally defaulted his claims and the Petition should be denied.

### A. Relevant Facts

Petitioner's convictions stemmed from an incident with a fourteen year old female in the cab of his tractor trailer on July 23, 2004. At the time of the incident, Petitioner was residing with the victim's mother. The victim and her sister were in the Petitioner's vehicle as he was making a delivery in the Altoona area. Petitioner was accused of sexually assaulting the victim after she fell asleep in the cab of his truck that evening. Petitioner was arrested on March 9, 2005 and charged with Rape, Statutory Rape, Sexual Assault, Involuntary Deviate Sexual Intercourse, Aggravated

Indecent Assault, Indecent Assault, Indecent Exposure, Corruption of Minors and Sexual Assault. Petitioner was convicted of the charges on September 16, 2005 by a jury in the Court of Common Pleas of Blair County, Pennsylvania. He was sentenced on December 13, 2005 to an aggregate term of imprisonment of from five to ten years followed by a two year term of probation. Petitioner filed several post-sentence motions, which were denied by the trial court on June 13, 2006. On January 17, 2007, the Superior Court of Pennsylvania affirmed the decision of the trial court denying Petitioner relief.

On April 25, 2007, Petitioner filed a timely *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. Appointed counsel filed an Amended Petition on August 2, 2007 raising the following claims.

1. Counsel rendered ineffective assistance by failing to present medical evidence regarding the victim.

2. Counsel rendered ineffective assistance by failing to raise a Batson challenge during jury selection.

3. Counsel rendered ineffective assistance by failing to have requested DNA testing.

4. Counsel rendered ineffective assistance by failing to challenge the victim's credibility by arguing she had a propensity to allege sexual assault.

5. Counsel rendered ineffective assistance by failing to call character witnesses.

6. Counsel rendered ineffective assistance by failing to impeach the arresting officer's testimony.

7. Counsel rendered ineffective assistance by failing to object to a juror that Petitioner knew in High School.

> 8. The trial court erred by not granting Petitioner prior custody credit for the eleven months he served in the Blair County Jail.

Following a hearing held on September 20, 2007, the PCRA Court denied Petitioner's PCRA Petition on November 8, 2007. Petitioner filed a timely Notice of Appeal and on August 6, 2008, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief on his substantive ineffective assistance of counsel claims but remanded the matter back to the Trial Court regarding his sentencing credit claim. On April 1, 2009, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.

On March 9, 2010, Petitioner filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 raising the following claims.

1. No jurisdiction of trial court.

2. The arresting officer used a written statement obtained in violation of <u>Miranda v. Arizona</u>.

3. Confession used after six hour <u>Davenport</u> rule.

In his Petition, he states that he did not raise any of these claims in his direct appeal or during his PCRA proceeding and that the failure to have done so was the result of ineffective assistance of counsel. Notwithstanding, it appears that Petitioner brought at least one of these claims in a petition for writ of habeas corpus that he filed in the Court of Common Pleas of Blair County.[1] Treating this Petition as a second PCRA Petition in accordance with Pennsylvania law, on December 18, 2009, the PCRA Court determined that the claims were both untimely filed and

---

1. The Court is unable to decipher exactly what claims Petitioner tried to raise in this Petition as it was not provided with a certified copy of the Petitioner's state court records.

lacking in merit. There is no indication in the records provided to this court that Petitioner filed an appeal from this decision to the Superior Court.

## B. Principles of Habeas Corpus Review

1.  Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The petitioner has the burden of establishing that exhaustion has been satisfied. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995).

2. Procedural Default Doctrine

Beyond questions of exhaustion, a federal court may be precluded from reviewing claims under the "procedural default doctrine." Gray v. Netherland, 518 U.S. 152 (1996); Coleman v. Thompson, 501 U.S. 722, 732 (1991); Doctor, 96 F.3d at 678; Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system and, in turn, it is based upon the "independent and adequate state law grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. Coleman v. Thompson, 501 U.S. at 750.

A state's procedural rules are entitled to deference by federal courts; a petitioner's violation of a state procedural rule may constitute an independent and adequate state law ground for denial of federal review of habeas claims under the procedural default doctrine. *Id*.; Sistrunk, 96 F.3d at 673. Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court explicitly has concluded that a petitioner is procedurally barred from raising his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), *cert. denied*, 516 U.S. 1151 (1996); Carter, 62 F.3d at 595. However, the procedural default doctrine only applies when a state procedural rule is consistently or regularly applied. Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988)).[2] A petitioner whose constitutional claims

---

2. *See also* Doctor, 96 F.3d at 675 (the state rule must be firmly established and regularly followed before it can be considered an independent and adequate state law ground sufficient

have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he or she can demonstrate either: 1) "cause" for the default *and* "actual prejudice" as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Carter, 62 F.3d at 595.

### C. Petitioner Procedurally Defaulted his Claims

As stated earlier, Petitioner states that he did not raise his claims in his direct appeal or in his first PCRA proceeding. The following discussion reveals that Petitioner has procedurally defaulted his claims by failing to properly present them to the Pennsylvania courts in accordance with applicable Pennsylvania law.

In this respect, in order to comply with the exhaustion requirement in 28 U.S.C. § 2254, Petitioner was required to present all of his federal habeas claims to the Pennsylvania courts in his direct appeal or in his PCRA proceeding. Because he failed to do so, this Court must determine whether Petitioner has any other available state court remedy through which he can present his unexhausted claims to the Pennsylvania courts. Under Pennsylvania law, the exclusive remedy to challenge a conviction following direct appeal is through a PCRA proceeding brought in accordance with the Post Conviction Relief Act. *See* 42 Pa. Cons. Stat. § 9542. Under the PCRA, a petitioner may bring a second PCRA petition only as provided for in the PCRA, as set forth below.

 (b) Time for filing petition.--

---

to foreclose federal court review under the procedural default doctrine).

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa. Cons. Stat. § 9545(b). The Supreme Court of Pennsylvania has held that the PCRA's timeliness requirements are mandatory and jurisdictional in nature; thus, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. *See, e.g.*, Commonwealth v. Murray, 562 Pa. 1, 5, 753 A.2d 201,

202-203 (2000); Commonwealth v. Fahy, 558 Pa. 313, 328-29, 737 A.2d 214, 222 (1999); Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 641 (1998).

Under Pennsylvania law, the only potential state remedy that Petitioner may pursue to raise his unexhausted claims is a second PCRA petition. In order for him to be able to file a second PCRA now, he must allege facts that show that: 1) the failure to raise the claim previously was the result of interference by government officials; 2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or 3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa. Cons. Stat. § 9545(b)(1). Petitioner's habeas petition does not allege any of the three exceptions listed above. Consequently, he is precluded from presenting his unexhausted claims in a second PCRA petition based on the time limitations set forth in the PCRA. These time limitations are an independent and adequate state law ground sufficient to invoke the procedural default doctrine for purposes of federal court review. *See* Lines v. Larkin, 208 F.3d 153, 165 (3d Cir. 2000).[3]

As stated previously, this federal court may not review Petitioner's defaulted claims unless he demonstrates cause and prejudice for his default or establishes a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To satisfy the cause standard, a

---

3. Moreover, to the extent that Petitioner presented his claims in his second PCRA Petition, his failure to timely file his second PCRA petition constitutes a procedural default. *See, e.g.*, Banks v. Horn, 49 F.Supp.2d 400 (M.D. 1999)(holding that the State Supreme Court's refusal to consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely constituted a procedural default barring federal habeas review and that the PCRA's statute of limitations and its application by the state Courts was independent and adequate).

petitioner must demonstrate that some objective factor external to the defense impeded his or her efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. at 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner seems to indicate that counsel's ineffectiveness was the "cause" for his failure to have presented his claims to the Pennsylvania state courts. However, an ineffectiveness claim such as that asserted by Petitioner is *itself* subject to procedural default if it is not properly presented to the state courts. Edwards v. Carpenter, 529 U.S. 446, 450-454 (2000). To the extent that Petitioner claims that trial counsel rendered ineffective assistance for failing to raise the claims he sets forth in his federal Petition, he waived any claims of trial counsel's ineffectiveness by failing to pursue them in his first PCRA Petition. By defaulting these claims he is precluded from relying on counsel's alleged ineffectiveness to establish "cause" for defaulting other potential claims. Edwards, 529 U.S. at 453.

Moreover, in the habeas corpus context, an attorney's deficient performance can serve as "cause" for a procedural default only where it violates a petitioner's rights under the United States Constitution. Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993). A petitioner has no *constitutional* right to counsel when pursuing collateral relief. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Because the Constitution afforded Petitioner no right to counsel during the PCRA proceedings, he cannot rely on the failure of his PCRA counsel to establish "cause" for defaulting his ineffectiveness claims on collateral review. Hull, 991 F.2d at 91. Consequently, he has not established cause for defaulting his claims in state court.

To show prejudice, a petitioner must demonstrate that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions, not merely that the error created a "possibility of prejudice." Carrier, 477 U.S. at 494. It is the defendant's burden to establish a reasonable probability of a different result. Strickler v. Greene, 527 U.S. 263, 291 (1999). Petitioner has failed to establish the prejudice required to overcome his procedural default for failing to raise his claims in timely manner.

Finally, Petitioner also has not demonstrated that a fundamental miscarriage of justice will result from the failure of this Court to review his claims. In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court explained the narrow class of cases implicating a fundamental miscarriage of justice. Specifically, the Court defined the miscarriage of justice exception by holding that a habeas petitioner is required to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (quoting Murray v. Carrier, 477 U.S. at 496). The Court instructed that "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id. at 324. The Court further explained that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice." Id. at 327.

The federal courts, including the Court of Appeals for the Third Circuit, are in agreement that, in order to show a fundamental miscarriage of justice under the Schlup standard, a petitioner

must offer new or reliable evidence in support of his claim of factual innocence. *See, e.g.*, <u>Keller v. Larkins</u>, 251 F.3d 408, 415-16 (3d Cir. 2001) ("To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence.") (citations omitted); <u>Bannister v. Delo</u>, 100 F.3d 610, 624 (8th Cir. 1996), *cert. denied*, 521 U.S. 1126 (1997); <u>Holloway v. Jones</u>, 166 F.Supp.2d 1185 (E.D. Mich. 2001); <u>Alexander v. Keane</u>, 991 F.Supp. 329 (S.D.N.Y. 1998). Petitioner has failed to meet his burden in this regard.

Petitioner does not allege cause or prejudice. Nor does he allege that lack of review by this court will constitute a fundamental miscarriage of justice. Consequently, Petitioner's federal claims are foreclosed from habeas review. *Accord* <u>Keller v. Larkins</u>, 251 F.3d 408, 414-416 (3d Cir. 2001).

### D. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural

grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner has procedurally defaulted his claims. Accordingly, a certificate of appealability will be denied.

### ORDER

**AND NOW**, this 4th day of November, 2010;

**IT IS HEREBY ORDERED** that Petition for Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Lemonte Luigi Tedeschi
GM-7988
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450